FILED

2018 JUN -2 AM II: 05

CLERK. US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DISTRICT OF FLORIDA

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

**JEFFREY BRINK,** on behalf of himself
and all others similarly situated,

        Plaintiff,

v.

**DIRECT RECOVERY SERVICES, LLC,**
and **DIRECT RECOVERY SERVICES**
**& LITIGATION, LLC,**

        Defendants.

_____/

Case No.: 3:18-cv-830-J-39JRK

**CLASS REPRESENTATION**
**JURY TRIAL DEMANDED**

**INJUNCTIVE RELIEF SOUGHT**

## CLASS ACTION COMPLAINT

Plaintiff JEFFREY BRINK (hereinafter "Plaintiff"), by and through his undersigned counsel, brings this suit against Defendants DIRECT RECOVERY SERVICES, LLC. and DIRECT RECOVERY SERVICES & LITIGATION, LLC (hereinafter "Defendants") and alleges:

### INTRODUCTION

1.    This is a class action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*, and the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. § 559.55, *et seq.*

2.    The purpose of these statutes is to protect unsophisticated consumers from acts or practices that are abusive, deceptive, and harassing.

3.    Both the FDCPA and the FCCPA are strict liability statutes that create specific requirements debt collectors must follow when collecting consumer debts.

4.      This action arises out of the illegal manner in which Defendants attempt to collect consumer debts. Defendants' standardized form collection letters circumvent the protections of the statute by requiring consumers to dispute the validity of their debts in writing and by threatening to file a lawsuit against them when they do not actually intend to file, and therefore violate the FDCPA and FCCPA.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction under 28 U.S.C. §§ 1331, 1337, 1367, and 15 U.S.C. § 1692k.

6.      Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1367 grants this court supplemental jurisdiction over the state claims contained within.

7.      Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to the Plaintiff's action occurred in this State and this judicial district, and where the Defendants issued debt collection letters and where Defendants transact business in this State and this judicial district.

## PARTIES

8.      Plaintiff JEFFREY BRINK ("Plaintiff or MR. BRINK") is a natural person who resides in St. John's County, Florida.

9.      Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692(a)(3) and Fla. Stat. § 559.55(2).

10.     Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. § 1692(a)(5) and Fla. Stat. § 559.55(6).

2

11.    Defendant DIRECT RECOVERY SERVICES, LLC. ("DIRECT RECOVERY") is a Minnesota limited liability company with a principal executive office address at 629 7th Ave, Suite 1, Two Harbors, MN 55616, a registered office address at 115 Waterfront Drive, Two Harbors, MN 55616, and a mailing address at PO Box 14, Two Harbors, MN 55616.

12.    DIRECT RECOVERY is a debt collector" as defined by 15 U.S.C. § 1692(a)(6), a "debt collector under Fla. Stat. §559.55(7), and a "person" as referred to in Fla. Stat. § 559.72.

13.    Defendant DIRECT RECOVERY SERVICES & LITIGATION, LLC ("DRS&L") is, upon information and belief, a fictitious trade name being used by Defendant Direct Recovery Services, LLC, as there is no record of any limited liability company in the State of Minnesota or the State of California with this name.

14.    In the alternative, DRS&L is a limited liability company organized in the State of California with a principal place of business at 3380 La Sierra Ave. Suite #104-522 Riverside, CA 92503.

15.    DRS&L is a "debt collector" as defined by 15 U.S.C. § 1692(a)(6), a "debt collector under Fla. Stat. §559.55(7), and a "person" as referred to in Fla. Stat. § 559.72.

16.    Defendants attempted to collect a consumer debt from Plaintiff.

17.    Defendants are business entities engaged in the collection of debt within the State of Florida.

18.    Defendants business includes, but is not limited to, collecting on unpaid, outstanding account balances.

19.    A principal purpose of Defendants' businesses is the collection of debts allegedly owed to third-parties or acquired from third-parties such as Bank of America.

3

20.     Defendants regularly collect, or attempt to collect, directly or indirectly, debts allegedly owed to third-parties or acquired from third-parties such as Bank of America.

21.     During the course of its attempts to collect debts allegedly owed to third parties or acquired from third-parties such as Bank of America, Defendants send to alleged debtors written correspondence, via the U.S. mail and/or electronic mail.

22.     Defendants acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

23.     Defendants' agents, employees, officers, members, directors, and representatives were working within the course and scope of their employment when taking the actions stated herein.

## FACTUAL ALLEGATIONS

24.     Defendants attempted to collect an alleged consumer debt from Plaintiff.

25.     Mr. Brink allegedly incurred a "consumer debt" to Bank of America as that term is defined under 15 U.S.C. § 1692(a)(5) and Fla. Stat. § 559.55(1).

26.     The alleged consumer debt arose from transactions for personal, family, or household purposes.  Mr. Brink has never incurred a business debt in his own name.

27.     On or about November 28, 2017, Defendants sent Plaintiff a collection letter attached as Exhibit "A."  Plaintiff received this letter the week after it was mailed.

28.     The November 28, 2017 letter was the initial written communication from Defendants to Plaintiff.

29.     Exhibit "A" appears to be a form letter, generated by a computer.

30.     Although Exhibit "A" was sent to Plaintiff in Florida, it appears to be a form letter tailored for use in the State of California, because it makes reference to the "Superior Court,"

4

which are the California trial courts, and also makes reference to "Code of Civil Procedure 1033(b)(2)," which is a portion of the California Code dealing with certain awards of court costs.

31.     On information and belief, Exhibit "A" is a form letter used by Defendants as a collection letter issued to debtors it has been retained to collect from.

32.     The November 28, 2017 Letter contains numerous FDCPA and FCCPA violations.

33.     For instance, 15 U.S.C. § 1692g(a)(3) sets forth no limitation as to the manner in which a consumer can dispute the validity of the debt.

34.     However, in its November 28, 2017 Letter, Defendants state that in order to dispute the validity of the debt, Plaintiff must notify DRS&L "in writing" to the California address listed in the letter. The letter does not allow for any other methods of communication, such as a phone call, email or facsimile from the consumer to dispute the validity of the debt. By requiring debtors to dispute the validity of their debts "in writing," Defendants have unlawfully attempted to curtail some of the debtors' rights, including those that are triggered when a consumer disputes the debt through oral statement, in violation of the FDCPA.

35.     Defendants also uniformly violate the FCCPA by asserting in its form collection letters (of which Exhibit "A" is an exemplar) that it has the legal right to require debtors to dispute the validity of their debt "in writing," despite the fact that this right does not exist and Defendant knows it does not exist in violation of §559.72(9). This conduct can also reasonably be expected to abuse or harass debtors within the State of Florida in violation of §559.72(7).

36.     Every district court in this Circuit that has ruled on this issue has sided with the Ninth Circuit's reasoning in *Camacho v. Bridgeport Financial, Inc.*, 430 F.3d 1078 (9th Cir.2005), which held that the plain language of § 1692g(a)(3) does not require a dispute to be in

writing. *See Baez v. Wagner & Hunt, P.A.*, 442 F. Supp.2d 1273 (S.D. Fla. 2006); *Guerrero v. Absolute Collection Serv., Inc.*, 2011 WL 8183860at *3-4 (N.D. Ga. Oct. 6, 2011); *In re Turner*, 436 B.R. 153, 157-58 (M.D. Ala. 2010).

37.    Defendants, through their use of Exhibit "A," also violates the FDCPA by:

a.    Sending out a collection letter under a false or fictitious trade name ("Direct Recovery Services & Litigation, LLC), a name for a legal entity that does not exist, in violation of 15 U.S.C. §1692(e)(14) and Fla. Stat. § 559.72(12);

b.    Falsely representing its name in its collection letter in an abusive and harassing manner, by adding the word "Litigation" to the name of the actual legal entity (Direct Recovery Services, LLC), in an effort to scare or coerce consumers into paying, in violation of 15 U.S.C. §§ 1692(d), 1692(e)(3), 1692(e)(10), 1692(e)(14) and Fla. Stat. § 559.72(7);

c.    Falsely representing that "Direct Recovery Services & Litigation, LLC" is a "professional litigation firm." DRS&L is not a law firm. The website listed in the collection letter attached as Exhibit "A," www.drservicess.com, indicates that DRS&L's professional staff consists of "Legal document assistants, process servers, mediation specialists and arbitration consultants." See Screenshot from DRS&L website, attached hereto as Exhibit "B." There is no indication that DRS&L employs any lawyers at all. Moreover, even in DRS&L's website description of its "Civil Litigation" Services and Programs, it only references its "experienced network of investigators," who will "put together an elite team to assist you with gathering the information needed to resolve your matter." *Id.* This

violates 15 U.S.C. §§ 1692(e)(3), 1692(e)(10), 1692(e)(14) and Fla. Stat. § 559.72(12);

d. Including unfair, deceptive, and misleading statutory citations to sections of the California Civil Code in its collection letters sent to persons like Mr. Brink who are domiciled in the State of Florida, where the California Civil Code has no applicability, in violation of 15 U.S.C. §§ 1692(e)(5) and 1692(e)(10) and Fla. Stat. § 559.72(9);

e. Including false, unfair, deceptive, and misleading threats of legal action in "the Superior Court," where the State of Florida has no "Superior Court," and Mr. Brink and all other persons similarly situated in the State of Florida are not subject to personal jurisdiction in the State of California, in violation of 15 U.S.C. §§ 1692(e)(5) and 1692(e)(10) and Fla. Stat. § 559.72(9);

f. Falsely threatening legal action that Defendants did not, and do not, intend to take, in violation of 15 U.S.C. §§ 1692(e)(5) and Fla. Stat. § 559.72(9);

g. Failing to state that the communication is from a debt collector attempting to collect a debt and any information obtained will be used for that purpose, in violation of 15 U.S.C. §§ 1692(e)(11) Fla. Stat. § 559.72(9).

38.    The conduct outlined in Paragraph 37 also violates the FCCPA, in that the conduct violates Sections 559.72, as noted above.

39.    Defendants' collection letter evidences collection tactics that are unfair and unconscionable, in violation of 15 U.S.C. §1692(f).

40.    Defendants' collectors were working within the course and scope of their employment when they communicated with Plaintiff by letter.

7

41.    Defendants' collectors are familiar with the FDCPA.

42.    The natural consequences of Defendants' written communication was to produce an unpleasant, hostile and threatening situation between Defendants and Plaintiff.

43.    The natural consequences of Defendants' written communication were to abuse and harass Plaintiff.

44.    Plaintiff has retained the undersigned counsel and is obligated to pay reasonable attorney's fees for services rendered.

## CLASS ACTION ALLEGATIONS

45.    Pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3), Plaintiff brings this action for himself and on behalf of all other persons similarly situated.

46.    The Class is defined as:

> All consumers located in Florida who received a Letter from Defendants in connection with an attempt to collect a consumer debt, where the Letter was substantially similar or materially identical to the Letter delivered to Plaintiff (Exhibit A), within the applicable limitations period.

47.    The Class Period for purposes of Counts I is one year prior to the filing of this Complaint, through the date notice of class certification is issued to the Class.

48.    The Class Period for purposes of Count II is two years prior to the filing of this Complaint, through the date notice of class certification is issued to the Class.

49.    Plaintiff reserves the right to modify the Class definition as warranted as facts are revealed through further investigation and discovery

50.    Plaintiff is unable to state the exact number of members of the Plaintiff Class because that information is solely in the possession of Defendants. However, the exact number of class members, including the names and addresses of all class members, will be easily ascertained through a review of Defendants' business records. Upon information and belief,

8

Plaintiff believes that the putative class exceeds several hundred consumers and is therefore so numerous that joinder of all members would be impracticable.

51.    By their unlawful actions, Defendants have violated Plaintiff's and the Class's rights under the FDCPA, specifically, 15 U.S.C. §§ 1692d, 1692e and 1692f.

52.    The questions raised are of common or general interest to the Class, who have a well-defined community of interest in the questions of law and fact raised in this action.

53.    Plaintiff's claims are typical of those of the Class, as Plaintiff now suffers from the same violations of law as other putative Class members because, upon information and belief, Defendants use form letters that are routinely sent to consumers.  The claims of the Plaintiff and of the Plaintiff Class originate from the same conduct, practice, and procedure on the part of Defendants.  Plaintiff possesses the same interests and has suffered the same injuries as each Class member.  There are no individual facts that distinguish the Plaintiff from other Class members who received form debt collection letters from Defendants.

54.    Plaintiff has retained counsel with experience in litigating complex litigation and class actions to represent his and the Class, and Plaintiff will fairly and adequately represent the interests of the Class.  The named Plaintiff will fairly and adequately represent and protect the interest of the members of the Plaintiff Class because he has no interest antagonistic to the class he seeks to represent, and because the adjudication of his claims will necessarily decide the identical issues for other class members.  Whether the Defendants' debt collection letter sent to Plaintiff violate the FDCPA and FCCPA is an issue that will be decided for all other consumers with identical letters and notices.  There is nothing peculiar about the Plaintiff's situation that would make him inadequate as class representative.

55. This action may properly be maintained as a class action because there is a well-defined community of interest in the litigation and the proposed Class is ascertainable.

56. Plaintiff's claims and the Class members' claims are based on the same legal theories and arise from the same unlawful conduct, resulting in the same injury to Plaintiff and to all the other Class members.

57. There are questions of law and fact common to the Class that predominate over any questions affecting only individual Class members. Questions of law and fact common to the Plaintiff and the Class include, *inter alia*, the following:

(a) Whether Defendants violated 15 U.S.C. § 1692g(a) by sending out collection letters to Plaintiff and the Class that required the consumer to dispute the validity of the debt in writing;

(b) Whether Defendants violated Fla. Stat. § 559.72(7) and (9) by asserting that it had the legal right to require debtors to dispute the validity of their debt "in writing," despite the fact that such right does not exist;

(c) Whether Defendants' collection letter violated 15 U.SC. §§ 1692d, 1692e, and 1692f, by threatening to file suit when they had no intention of actually filing suit.

(d) Whether Defendants' collection letter violated Fla. Stat. § 559.72.

(e) Whether Defendants' collection letter was designed to harass, oppress, intimidate, scare, and mislead the recipient;

(f) Whether Defendants' collection letter contained the information required by the FDCPA;

(g) Whether Plaintiff and the Class members are entitled to damages due to the actions of Defendants.

(h)    Whether Plaintiff and the Class are entitled to declaratory and injunctive relief under the FDCPA and FCCPA, specifically whether they are entitled to a permanent injunction prohibiting Defendants from further violations of the FDCPA and FCCPA.

58.    A class action is superior to other methods for the fair and efficient adjudication of this controversy because the damages suffered by each individual Class member will be relatively modest, compared to the expense and burden of individual litigation. It would be impracticable for each Class member to seek redress individually for the wrongful conduct alleged herein because the cost of such individual litigation would be cost prohibitive as individual statutory damages are capped at $1,000.00. It would be difficult, if not impossible, to obtain counsel to represent Plaintiff on an individual basis for such small claims. More importantly, the vast majority of Class members are not aware that the debt collection letters and notices used by Defendants violate the FDCPA and FCCPA, and a class action is the only viable means of adjudicating their individual rights. There will be no difficulty in the management of this litigation as a class action as the legal issues affect a standardized pattern of conduct by Defendants and class actions are commonly used in such circumstances.

59.    Defendants also acted and refused to act on grounds generally applicable to the class, thereby making appropriate declaratory relief and corresponding final injunctive relief with respect to the Class as a whole. Defendants should be enjoined from sending out collection letters that violate the FDCPA and FCCPA, such as the ones it sent to Plaintiff.

## COUNT I: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT

60.    Plaintiff, on behalf of himself and all others similarly situated, repeats and re-alleges each and every allegation contained in paragraphs 1 through 59 above as if fully set forth herein.

61.    This is an action seeking class-wide relief for violations of the FDCPA.

62.    The FDCPA was enacted to protect all consumers from debt collectors who seek to collect debts through illegal means and who engage in unfair and/or deceptive practices during the collection of a debt.

63.    At all material times herein, Plaintiff and Class members were "consumers" as defined by 15 U.S.C. § 1692(a)(3), since they are natural persons allegedly obligated to pay a consumer debt.

64.    At all material times herein, Plaintiff's debt and the debts of the Class members were "debts" as defined by § 1692(a)(5).

65.    At all material times herein, Defendants were "debt collectors" as defined by 15 U.S.C. § 1692(a)(6), since they engaged in the business of regularly collecting on debts for creditors such as Bank of America or acquired debts in default and then attempted to collect upon them.

66.    Defendants sent Plaintiff and all Class members a similar, if not identical, collection letter, in the form of the letter attached hereto as Exhibit "A."

67.    The FDCPA, section 1692g(a) provides in pertinent part:

(a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing --

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

15 U.S.C. § 1692g(a).

68.    In pertinent part, the collection letter sent by Defendants to Plaintiff and the Class reads:

12

> If you wish to dispute this account you may do so within 30 days of the date of this letter. You must submit any disputes **in writing** to the address listed above. Unless you notify our office **in writing** within (30) thirty days after receipt of this notice, with any disputes on the validity of this debt, or any portion thereof, the debt will be assumed to be valid.

(Exhibit "A") (emphasis added).

      69.     The collection letter states twice that disputes must be <u>in writing</u>. Exhibit "A".

      70.     There is no language contained in subsection § 1692g(a)(3) which indicates that disputes must be made in writing, and the plain meaning is neither absurd in its results nor contrary to legislative intent. Thus, there is no writing requirement implicit in § 1692g(a)(3). The Notice sent by Defendants to Plaintiff and the Class violates § 1692g insofar as it states that disputes have to be made in writing.

      71.     The right to dispute a debt orally is important because oral dispute of a debt is the simplest form and doing so precludes the debt collector from communicating the debtor's credit information to others without also including the fact that the debt is "in dispute." 15 U.S.C. § 1692(e)(8).

      72.     District courts within the Eleventh Circuit have held that a debt collector's addition of the words "in writing" to subsection (a)(3) violate § 1692g. *See e.g. Baez v. Wagner & Hunt, P.A.*, 442 F.Supp.2d 1273, 1276–77 (S.D.Fla.2006) (Judge Cohn held that by requiring debtors to dispute debts in writing, the debt collector curtailed some of the debtor's rights that were triggered under the statute by oral disputes).

      73.     Defendants violated 15 U.S.C. § 1692g(a) by mailing or causing to be mailed to Plaintiff and the Class, a collection letter stating that disputes must be made in writing.

74.    Defendants violated 15 U.S.C. § 1692d for engaging in conduct the natural consequence of which is to harass, oppress, or abuse consumers in connection with the collection of a debt.

75.    Defendants violated 15 U.S.C. § 1692e for making false, deceptive, and misleading representations regarding the alleged debt.

76.    Defendants violated 15 U.S.C. § 1692f for using unfair and unconscionable debt collection methods, including threatening to file a lawsuit without a true intent to do so in order to create a sense of urgency in the debtor to avoid litigation.

77.    For purposes of the claims brought in this action, the applicable standard under the FDCPA is "the least sophisticated" consumer test. *See Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168, 1172-75 (11th Cir. 1985).

78.    As a direct and proximate result of Defendant's violations, Plaintiff and Class members have been harmed.  Plaintiff and Class Members have been abused and harassed by Defendants' unlawful debt collection activities.  Plaintiff and Class members are entitled to statutory damages under 15 U.S.C. § 1692k(a)(2)(B), and attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

79.    Plaintiff has retained the undersigned attorneys for the purposes of pursuing this matter against Defendants and is obligated to pay his attorneys a reasonable fee for services.

## COUNT II:  VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT ("FCCPA")
### (Class Claim Against DIRECT RECOVERY)

80.    Plaintiff, on behalf of himself and all others similarly situated, repeats and re-alleges each and every allegation contained in paragraphs 1 through 59 above as if fully set forth herein.

14

81.    "The Consumer Collection Practices Act is a laudable legislative attempt to curb what the Legislature evidently found to be a series of abuses in the area of debtor-creditor relations." *Harris v. Beneficial Finance Co. of Jacksonville*, 338 So. 2d 196, 200-01 (Fla. 1976).

82.    At all times material herein, Plaintiff and the Class members were "debtors" as defined by Fla. Stat. § 559.55(2).

83.    At all times material herein, Plaintiff's debt and the debt of the Class members were "debts" or "consumer debts" as defined by Fla. Stat. § 559.55(1).

84.    At all times material herein, Defendants were "debt collectors" pursuant to Fla. Stat. § 559.55(7).

85.    At all times material herein, Defendants were "persons" as referred to under Fla. Stat.§ 559.72.

86.    The FCCPA uses the same definitions as the Fair Debt Collection Practices Act (FDCPA) for "consumer", "debt collector", and "debt or consumer debt". Fla. Stat. §§ 559.55(1), (2), and (6). The FCCPA expressly recognizes its interplay with the FDCPA, stating that "[t]his part is in addition to the requirements and regulations of the federal act", and directs that "[i]n the event of any inconsistency between any provision of this part and any provision of the federal act, the provision which is more protective of the consumer or debtor shall prevail." Fla. Stat. §559.552. The FCCPA reaches further than the FDCPA in that the FCCPA's list of prohibited actions applies not just to debt collectors but to any person collecting consumer debts. Fla. Stat. §§559.72 and 559.77.

87.    Among the FCCPA's enumerated prohibitions, the relevant parts are as follows:
Prohibited practices generally. In collecting consumer debts, no person shall:

(7) "… willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family."

15

> (9) Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist.

Fla. Stat. § 559.72(7) and (9).

88.     Defendants sent Plaintiff and Class members a similar, if not identical collection letter, in the form of the letter attached hereto as Exhibit "A."

89.     The collection letter stated that Defendants have the legal right to require debtors to dispute the validity of their debt "in writing," despite the fact that this right does not exist and Defendants know it does not exist in violation of § 559.72(9). This conduct can also reasonably be expected to abuse or harass debtors within the State of Florida in violation of §5 59.72(7).

90.     Plaintiff and Class members have the right to dispute the validity of their debts orally if they so choose, and by requiring debtors to only dispute their debts in writing, Defendants have misstated the law, circumvented the rights afforded to Plaintiff and the Class, and has asserted a legal right that does not exist, all in violation of Fla. Stat. § 559.72.

91.     Defendants further violated Fla. Stat. §§ 559.72(7), (9), (12) by falsely threatening legal action they never intended to take, asserting legal rights that did not exist, and by falsely and misleadingly misrepresenting themselves as a law firm.

92.     Defendants violated Fla. Stat. § 559.72(7) by "willfully engag[ing] in other conduct which can reasonably be expected to abuse or harass."

93.     Defendants violated Fla. Stat. § 559.72(9) by claiming, attempting, or threatening to enforce a debt when Defendants knew that the debt is not legitimate, and by asserting the existence of legal rights when Defendants knew that the rights did not exist.

16

94.    Defendants violated Fla. Stat. § 559.72(12) by communicating with the Plaintiff and Class members in a manner that gave the false impression or appearance that Defendants are attorneys, are a law firm, employ attorneys, or are associated with an attorney.

95.    As a direct and proximate result of Defendant's FCCPA violations, Plaintiff and the Class have been harmed. Plaintiff and the Class are entitled to statutory damages, and attorney's fees and costs pursuant to Fla. Stat. § 559.77(2).

96.    In addition, Plaintiff and the Class seek a permanent injunction prohibiting Defendants from sending out collection letters similar to Exhibit "A" in the manner described above.

97.    As a direct and proximate result of Defendants' FCCPA violations, Plaintiff and the Class have been harmed. Plaintiff and the Class are entitled to actual damages, statutory damages, and attorney's fees and costs pursuant to Fla. Stat. § 559.77(2).

98.    In addition, Plaintiff and the Class seek a permanent injunction prohibiting Defendants from sending out collection Letters similar to Exhibit "A" in the manner described above.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court enter an Order:

a.    Certifying this action as a class action as provided by Rule 23 of the Federal Rules of Civil Procedure, appointing Plaintiff as class representative, and appointing the undersigned as Class Counsel;

b.    Adjudging that Defendants violated the FDCPA sections enumerated above, and awarding Plaintiff and Class members actual damages and statutory damages (in the amount of $1,000.00 per class member) pursuant to 15 U.S.C. § 1692k;

c.      Adjudging that Defendants violated the FCCPA sections enumerated above, and awarding Plaintiff and Class members actual damages and statutory damages (in the amount of $1,000.00 per class member) pursuant to Fla. Stat. § 559.77(2);

d.      Permanently enjoining Defendants from sending collection letters similar to Exhibit "A" in the manner described in this lawsuit;

e.      Permanently enjoining Defendants from threatening Plaintiff and the Class in the manner described in this lawsuit;

f.      Awarding Plaintiff, and all those similarly situated, reasonable attorney's fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3) and Fla. Stat. § 559.77(2);

g.      Awarding Plaintiff, and all those similarly situated, any pre-judgment and post-judgment interest as may be allowed under the law;

h.      Awarding such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all counts so triable.

DATED: June 26, 2018.                    VARNELL & WARWICK, P.A.


                                         By: /s/ Brian W. Warwick
                                             BRIAN W. WARWICK, FBN: 0605573
                                             JANET R. VARNELL, FBN: 0071072
                                             bwarwick@varnellandwarwick.com
                                             jvarnell@varnellandwarwick.com
                                             kstroly@varnellandwarwick.com
                                             P.O. Box 1870
                                             Lady Lake, FL 32158
                                             Telephone: (352) 753-8600
                                             Facsimile: (352) 504-3301

                                             Glenn S. Banner
                                             Law Office of Glenn S. Banner, P.A.
                                             5245 Commissioners Drive
                                             Jacksonville, FL 32224

(904) 240-4401
(904) 900-6004 (fax)
gbanner@gbannerlaw.com

*Attorneys for Plaintiff*